UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALLIED INDUSTRIES PENSION FUND, and
PETER MITCHELL, and ANNE AHSANUDDIN, as
Trustees and fiduciaries of the Allied Industries
Pension Fund,

                   Plaintiffs,

          - against -

BWAY CORPORATION D/B/A/ MAUSER
PACKAGING SOLUTIONS,

                   Defendant.
------------------------------------------------------------------x

Case No.:

## COMPLAINT

Plaintiffs Peter Mitchell and Anne Ahsanuddin, as Trustees and fiduciaries of the Allied Industries Pension Trust Fund (the "Fund"), for their complaint allege as follows:

## INTRODUCTION

This is an action brought under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA") to obtain and audit of an employer's books and records and to collect corresponding delinquent contributions and various other sums owed by the employer to employee benefit plans.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§185(a), 1132(a)(3), 1132(e)(1), 1132(f) and 1145.

2. Venue lies in this district under 29 U.S.C. §1132(e)(2), as the Fund is administered in this district. Venue also lies in this district under 29 U.S.C. §185(a).

9715799.4

**THE PARTIES**

3. Plaintiffs are Trustees and fiduciaries of the Fund within the meaning of 29 U.S.C. §1002(21)(A), as they have discretion and control over the assets and administration of the Funds.

4. The Fund is an "employee benefit plan" and "multiemployer plan" within the meaning of 29 U.S.C. §1002(3) and §1002(37), with their principal place of business c/o their Third Party Administrator, Daniel H. Cook Associates, Inc., 253 West 35th Street, Suite 1200, New York, New York 10001.

5. The Fund is jointly administered by a Board of Trustees, comprised of labor and management representatives in accordance with Section 302(c)(5) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §186(c)(5).

6. The Fund is maintained pursuant to the Allied Industries Pension Fund Agreement and Declaration of Trust (the "Trust Agreement") for the purposes of collecting and receiving contributions from employers bound to collective bargaining agreements with the IUE-CWA, AFL-CIO Local 81427 (the "Union") and providing benefits to eligible participants.

7. The Trust Agreement provides, in relevant part:

> The Board of Trustees shall have the power and authority to administer the Fund, and perform all acts, including those not specifically provided for in this Agreement, deemed necessary by the Board of Trustees to exercise and enforce all rights of the Fund, and to carry out their purposes.

8. In accord with the terms of the Trust Agreement, the Trustees have enacted a Policy for Collection of Delinquent Contributions (the "Delinquent Contributions Policy") for the purposes of effecting collection of delinquent contributions, plus damages (if warranted).

9. The collective bargaining agreements, the Trust Agreement, and the Delinquent Contributions Policy set forth "terms of the plan," establishing that the Trustees are fiduciaries responsible for administering the Fund and that the Fund is a beneficiary of the collective bargaining, Trust Agreement, and Delinquent Contributions Policy terms. Accordingly, the Trustees have legal right to bring suit under 29 U.S.C. §1132(a)(3) and 29 U.S.C. §1145.

10. BWAY Corporation d/b/a Mauser Packaging Solutions ("BWAY") is, and at all times relevant to this action has been, an "employer" within the meaning of 29 U.S.C. §1002(5) and the Trust Agreement, with their principal place of business at 6 Litho Road, Lawrence Township, New Jersey 08648.

## FACTUAL BASIS FOR CLAIM

The Collective Bargaining Agreement,
<u>the Trust Agreement and the Delinquent Contributions Policy</u>

11. BWAY is bound to collective bargaining agreements with the IUE-CWA, AFL-CIO Local 81427 (collectively and individually, the "CBA").

12. BWAY is required to submit remittance reports to the Fund. The remittance reports provide BWAY's statement of the employees who performed work covered by the CBA and the number of hours each such employee worked in covered employment.

13. At all times relevant to this action, the CBA, the Trust Agreement, and Delinquent Contributions Policy have required BWAY to make contributions to the Fund on behalf of its employees who are covered by the CBA.

14. The Trust Agreement and Delinquent Contributions Policy provide that if BWAY fails to remit contributions by the date due, BWAY is liable to the Fund for (a) the delinquent contributions; (b) interest at the rate set forth in Section 6621 of the Internal Revenue

- 3 -

Code; (c) an amount equal to the greater of (a) interest on the delinquent contributions or (b) liquidated damages of 20 percent of the delinquent contributions; and (d) attorney's fees and costs incurred.

15. The Trust Agreement provides the Trustees (and their duly authorized representatives) the right:

> (1) to determine, discover and collect delinquent Contributions,
>
> (2) to obtain the information necessary to properly allocate, credit and record such Contributions as necessary to administer the Fund,
>
> (3) to enforce the Trustees' right to audit the Employer's payroll records; and

(e) collect attorney's fees and costs of any action necessary to recover any of the amounts described in (a) through (d).

16. The Trust Agreement also provides that:

> in operating and administering the Fund, the powers and/or duties of the Board of Trustees, or its designee, shall include, but not be limited to, the following: … (ff) To verify the accuracy of statements and information submitted by the Employer and Employees on Contribution forms, claim forms, and otherwise. In furtherance of this right and duty, the duly appointed auditor for the Fund shall, upon request, be permitted to examine the payroll records, wage cards, or any other pertinent records of any persons covered by a Collective Bargaining Agreement or Participation Agreement.

17. The Delinquent Contributions Policy provides that the Fund is authorized to initiate one or more of the following actions: "Conduct audits to verify the accuracy of Contributions." Additionally, "if an employer has failed to submit any requested information or documentation to which the Funds are entitled," then the Fund may commence legal action.

The Failure to Provide an Audit

18. Despite repeated requests for an audit, BWAY has not allowed the Fund to examine payroll records and conduct audits to verify the accuracy of contributions, as required by the CBA, Trust Agreement and Delinquent Contributions Policy.

19. BWAY has also failed to pay any contributions, interest, liquidated damages, and attorney's fees and costs that may be deemed due by the audit.

Remittance Reports

20. Upon information and belief, BWAY has failed to submit accurate remittance reports reflecting the amount of contributions due various months covered by the CBA, and has failed to submit all contributions due for said periods.

Other Amounts

21. On information and belief, additional contributions, interest, liquidated damages, audit fees, administrative fees, and attorney's fees and costs will continue to become due and owing by BWAY to the Funds during the pendency of this action, which, in part, may be revealed by audit and remittance reports.

## COUNT I — ERISA

22. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

23. Section 515 of ERISA, 29 U.S.C. §1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

24. ERISA, the CBA and the documents and instruments governing the Fund, including the Trust Agreement and Delinquent Contributions Policy, authorize the Fund to inspect the books and records of BWAY for the purposes of conducting an audit to ascertain whether BWAY has fully complied with its obligations to make contributions to the Fund. The Fund has repeatedly requested access to BWAY's books and records, but BWAY has refused to allow the Fund to inspect its books and records as required.by ERISA, the CBA, the Trust Agreement, and the Delinquent Contributions Policy.

25. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorizes this Court to award appropriate equitable relief to redress certain violations of ERISA or the documents and instruments governing an employee benefit plan.

26. Plaintiffs have no adequate remedy at law to redress this violation of BWAY's contractual and statutory duties.

27. Accordingly, Plaintiffs are entitled to an Order requiring BWAY to make its' books and records available for the Fund's inspection for the period April 1, 2018 through present.

28. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [Section 515] in which a judgment in favor of the plan is awarded, the court shall award the plan,
> the unpaid contributions,
> (a)    interest on the unpaid contributions,
> (b)    an amount equal to the greater of
>         (i)    interest on the unpaid contributions or;
>         (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the [unpaid contributions],
> (c)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (d)    such other legal or equitable relief as the court deems appropriate.

> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan….

29. The Funds are thus entitled under ERISA Section 502(g)(2) to unpaid contributions, interest, liquidated damages, attorney's fees, and costs.

### COUNT II — LMRA

30. Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

31. By failing to allow the Fund to examine payroll records and conduct an audit to verify the accuracy of contributions remitted, and to pay any additional contributions due and owing, BWAY has violated the CBA the Trust Agreement, and the Delinquent Contributions Policy.

32. The Fund is thus entitled under LMRA Section 301(a) to the unpaid contributions, interest, liquidated damages, attorney's fees, and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter a judgment:

1. Ordering BWAY to make its books and records available to the Funds for inspection for the period commencing April 1, 2018 through present; and

2. Ordering BWAY to pay to the Fund (a) the delinquent contributions; (b) interest at the rate set forth in Section 6621 of the Internal Revenue Code; interest at the rate set forth in Section 6621 of the Internal Revenue Code; (c) an amount equal to the greater of (i) interest on the delinquent contributions or (ii) liquidated damages of 20 percent of the delinquent contributions; and (d) attorney's fees and costs.

      3.      Providing such other legal and equitable relief as the Court deems proper, including injunctive relief where warranted.

Dated: New York, New York
           July 20, 2021

                                        /s/ Michael S. Adler
                                        Michael S. Adler
                                        COHEN, WEISS AND SIMON LLP
                                        900 Third Avenue, Suite 2100
                                        New York, New York 10022-4869
                                        (212) 563-4100
                                        madler@cwsny.com

                                        Attorneys for Plaintiffs